FILED

**NOT FOR PUBLICATION**

APR 03 2008

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>KARLA CHAVARRIA,<br><br>    Defendant - Appellant. | No. 07-50003<br><br>D.C. No. CR-05-01456-LAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 5, 2007
Pasadena, California

Before: THOMPSON and WARDLAW, Circuit Judges, and REED[**], District Judge.

    Karla Chavarria appeals her jury conviction of one count of importation of methamphetamine and one count of possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960. We have jurisdiction pursuant to 28

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**] The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

U.S.C. § 1291, and we reverse and remand for proceedings consistent with this disposition.

## I. Appellant's Trial Date

Appellant charges as error the acceleration of her trial date. The district court accelerated the government's case-in-chief by six days, but gave the defense the option of waiting until the previously scheduled date for trial; in essence, Appellant was given the opportunity for a continuance. The district court did not clearly abuse its discretion. United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir. 1994).

## II. The District Court's "Statement Against Interest" Ruling

Appellant argues that precluding Chavez's testimony that Balente Rubio said, "Look, she didn't know," was an abuse of discretion, see United States v. Weiland, 420 F.3d 1062, 1074 n.9 (9th Cir. 2005), as Rubio was unavailable and the statement does tend to inculpate him. As the district court noted, there is no way that Rubio could have known for certain what Appellant knew. As phrased, the question is improper as it calls for speculation, and the district court cannot be said to have abused its discretion in excluding the testimony.

### III. "Unknowing Drug Courier" Expert Testimony

Appellant concedes that her case is complex and thus concedes that expert testimony regarding "unknowing couriers" was admissible. See United States v. Cordoba, 104 F.3d 225, 229, 229-30 (9th Cir. 1997) (admitting expert testimony that "sophisticated narcotics traffickers do not entrust 300 kilograms of cocaine to someone who does not know what he is transporting"). Appellant again argues that the case's sophistication required a continuance; however, this argument undermines her claim regarding expert testimony. See United States v. Campos. 217 F.3d 707, 712-15 (9th Cir. 2000) (concluding expert testimony regarding an "unknowing courier" did not amount to profile testimony, and stating "Although we have not yet approved of the use of such expert testimony in non-complex cases, we have not disapproved of it").

Appellant also opened the door to the use of this testimony in rebuttal by claiming she was unaware of the narcotics in the truck. The defense indicated that "someone" other than Rubio was involved, and that "they" were part of a larger drug operation. The government's expert testified that most drug trafficking organizations do not entrust large quantities of drugs to "anybody," but rather "[i]t's going to be somebody they usually trust." The rebuttal testimony here belied Appellant's claim and went "to the heart" of Appellant's defense. See

3

United States v. Murillo, 255 F.3d 1169, 1177 (9th Cir. 2001) (testimony went "right to the heart of Murillo's defense that he was simply an unknowing courier"), overruled in part on other grounds by United States v. Mendez, 476 F.3d 1077 (2005).

**IV. The District Court's Admonishment of Rubio**

Appellant contends that the district court judge prevented a defense witness, Rubio, from testifying in violation of Appellant's Sixth Amendment right to present a defense. Appellant did not object to the trial judge's admonition of Rubio, so we review for plain error.[1] United States v. Geston, 299 F.3d 1130, 1135 (9th Cir. 2002); FED. R. CRIM. P. 52.

Based on the totality of the circumstances, the district court judge committed plain error by driving Rubio from the stand. See Webb v. Texas, 409 U.S. 95, 98 (1972) (per curiam); see also United States v. Vavages, 151 F.3d 1185, 1191 (9th Cir. 1998). First, the district court warned the witness, Rubio, of his right not to

---

[1] The government argues that Appellant either waived any objection or failed to preserve an objection to the warnings given. Defense counsel's actions do not reasonably amount to a waiver of the warnings which were actually given by the district judge.

4

testify at least four times.[2]  Even after these warnings, Rubio indicated that he would answer the defense's question.

Second, the district court's language was strong, certainly stronger than necessary.  See Webb, 409 U.S. at 98.  The judge did much more than neutrally advise a witness of his or her duties and rights.  See United States v. Rich, 580 F.2d 929, 934 (9th Cir. 1978).  The sheer number of the judge's repeated warnings exerted pressure on Rubio not to testify.  After Rubio stated that he would testify, the judge questioned this decision, ultimately assigning him an attorney.[3]  Only at this point did Rubio change course.

Third, the district court precluded the witness's choice of whether to testify by indicating an expectation of self-incrimination.  The judge warned Rubio

---

[2]"Mr. Rubio, you have a privilege against self-incrimination." . . .

"As I said, you have a right not to answer that question. . . . You don't have to answer the question if you want to invoke your Fifth Amendment privilege." . . .

"Now, as I've explained to you, you don't have to answer if you don't want to. . . .  But if you answer, you should know that there's a prospect that you could be incriminating yourself, and the U.S. Attorney could charge you with a crime or with participation in a crime." . . .

"I want you to talk to a lawyer first . . . [about] the concerns I've outlined for you that you might incriminate yourself." . . .

[3]The Court:  Would you answer or would you refuse to answer?
Rubio:        I'll answer.
The Court:  You will?  Well, Mr. Brown, I'm concerned that maybe I ought to have somebody come up and talk to this fellow, too.

5

several times that he might incriminate himself. Moreover, the district court explained to Rubio exactly how his testimony could be incriminatory and then appointed Rubio counsel. Although framed in detached language, the obvious inference is that the district court expected Rubio to implicate himself in a crime and wanted to prevent Rubio from doing so.

"The fact that [Rubio] was willing to come to court to testify in the [Appellant's] behalf, refusing to do so only after the judge's lengthy and intimidating warning, strongly suggests that the judge's comments were the cause of [Rubio's] refusal to testify." Webb, 409 U.S. at 97. Therefore, the district court judge committed plain error by "exert[ing] such duress on the witness' mind as to preclude him from making a free and voluntary choice whether or not to testify." Id. at 98.

    **REVERSED** and **REMANDED**.

FILED

APR 03 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

*United States v. Chavarria*, 07-50003

Senior Circuit Judge Thompson, dissenting.

I respectfully dissent.

I agree the district court did not abuse its discretion by its handling of the defense request for a continuance and did not err in excluding Chavez's testimony that the defendant did not know about the narcotics in the vehicle. I also agree with the conclusion that the district court properly admitted expert testimony regarding an "unknowing drug courier." However, I disagree with the majority's conclusion that the district court committed plain error by driving Rubio from the witness stand.

This case does not resemble those cases where a trial judge was found to have actively and improperly encouraged or "badgered" a witness not to testify. *See, e.g., Webb v. Texas*, 409 U.S. 95, 96-97 (1972).[1] In *Webb*, the trial judge admonished an alibi witness that he would personally prompt an indictment for perjury if the witness lied. The trial judge had warned that "the Court will

---

[1] In *United States v. Arthur*, 949 F.2d 211 (6th Cir. 1991), for example, "[t]he district court *strongly encouraged* Larry Fields to assert the fifth amendment." *Id*. at 214 (emphasis added). The district court cautioned, "*I think it's not to your best interest to testify because anything you say* may be held against you in another prosecution against you for bank robbery, could and *would be used against you*." *Id*. (emphasis added). Here, by contrast, the district court spoke in neutral terms when informing Rubio of his Fifth Amendment rights and, as discussed below, repeatedly stated that it was Rubio's decision alone whether or not to testify.

personally see that your case goes to the grand jury and you will be indicted for perjury. . . ." *Id*. at 96. The Supreme Court held that "the unnecessarily strong terms used by the judge could well have exerted such duress on the witness' mind as to preclude him from making a free and voluntary choice whether or not to testify." *Id*. at 97. Thus, in deciding whether the district court's remarks in this case amounted to a due process violation, the ultimate inquiry is whether the court went so far as to effectively preclude Rubio's free and voluntary choice of whether to testify. *Id*. at 98.

Although the district court repeatedly advised Rubio of his right not to testify, the court also repeatedly and clearly informed Rubio that it was Rubio's decision alone and that the court had no interest in whether or not he testified. The court stated, "it doesn't make any difference to me what you do. I'm not trying to suggest to you that you answer or not answer." Later, the court reminded Rubio that it was his decision: "Now, as I've explained to you, you don't have to answer if you don't want to. You can if you want to." After arranging for Rubio to consult an attorney, the court reminded Rubio once again that it was his decision alone, "you listen to the lawyer and make your own decision. It's up to you whether you want to testify or not. I'm not advocating one way or the other." The district court's repeated assurances to Rubio that the decision whether to testify

2

was entirely his own are consistent with the conclusion that Rubio made his own decision freely and voluntarily.

Moreover, when Rubio declined to testify following his consultation with an attorney, the court asked if the parties had any objection to excusing Rubio, and defense counsel stated, "None whatsoever."

The district court did not commit plain error. I would affirm the defendant's conviction.