FILED

APR 03 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

*United States v. Chavarria*, 07-50003

Senior Circuit Judge Thompson, dissenting.

I respectfully dissent.

I agree the district court did not abuse its discretion by its handling of the defense request for a continuance and did not err in excluding Chavez's testimony that the defendant did not know about the narcotics in the vehicle. I also agree with the conclusion that the district court properly admitted expert testimony regarding an "unknowing drug courier." However, I disagree with the majority's conclusion that the district court committed plain error by driving Rubio from the witness stand.

This case does not resemble those cases where a trial judge was found to have actively and improperly encouraged or "badgered" a witness not to testify. *See, e.g., Webb v. Texas*, 409 U.S. 95, 96-97 (1972).[1] In *Webb*, the trial judge admonished an alibi witness that he would personally prompt an indictment for perjury if the witness lied. The trial judge had warned that "the Court will

---

[1] In *United States v. Arthur*, 949 F.2d 211(6th Cir. 1991), for example, "[t]he district court *strongly encouraged* Larry Fields to assert the fifth amendment." *Id*. at 214 (emphasis added). The district court cautioned, "*I think it's not to your best interest to testify because anything you say* may be held against you in another prosecution against you for bank robbery, could and *would be used against you*." *Id*. (emphasis added). Here, by contrast, the district court spoke in neutral terms when informing Rubio of his Fifth Amendment rights and, as discussed below, repeatedly stated that it was Rubio's decision alone whether or not to testify.

personally see that your case goes to the grand jury and you will be indicted for perjury. . . ." *Id*. at 96. The Supreme Court held that "the unnecessarily strong terms used by the judge could well have exerted such duress on the witness' mind as to preclude him from making a free and voluntary choice whether or not to testify." *Id*. at 97. Thus, in deciding whether the district court's remarks in this case amounted to a due process violation, the ultimate inquiry is whether the court went so far as to effectively preclude Rubio's free and voluntary choice of whether to testify. *Id*. at 98.

Although the district court repeatedly advised Rubio of his right not to testify, the court also repeatedly and clearly informed Rubio that it was Rubio's decision alone and that the court had no interest in whether or not he testified. The court stated, "it doesn't make any difference to me what you do. I'm not trying to suggest to you that you answer or not answer." Later, the court reminded Rubio that it was his decision: "Now, as I've explained to you, you don't have to answer if you don't want to. You can if you want to." After arranging for Rubio to consult an attorney, the court reminded Rubio once again that it was his decision alone, "you listen to the lawyer and make your own decision. It's up to you whether you want to testify or not. I'm not advocating one way or the other." The district court's repeated assurances to Rubio that the decision whether to testify

2

was entirely his own are consistent with the conclusion that Rubio made his own decision freely and voluntarily.

Moreover, when Rubio declined to testify following his consultation with an attorney, the court asked if the parties had any objection to excusing Rubio, and defense counsel stated, "None whatsoever."

The district court did not commit plain error. I would affirm the defendant's conviction.